# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ESDRAS NEHEM PACHECO HENRIQUEZ <br> 12048 Ballevue Drive <br> Silver Spring, Maryland 20902 <br><br> Plaintiff, <br><br> v. <br><br> MAGNO ENTERPRISES, LLC <br> d/b/a MAGNUM FLOORING <br> 13615 Nichols Drive <br> Clarksville, Maryland 21029 <br><br> Serve: Resident Agent <br> Alessandro Magno <br> 13615 Nichols Drive <br> Clarksville, Maryland 21029 <br><br> ALESSANDRO MAGNO <br> 13615 Nichols Drive <br> Clarksville, Maryland 21029 <br><br> Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : Civil Case No. <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## **COMPLAINT**

Plaintiff, Esdras Nehem Pacheco Henriquez ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Magno Enterprises, LLC d/b/a Magnum Flooring and Alessandro Magno (collectively "Defendants"), under the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., *Labor & Empl.*, § 3-501, *et seq.*, the Fair Labor

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5219535_1

Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., *Lab. & Empl.* § 3-401, *et seq.* stating as follows:

## INTRODUCTION

Plaintiff worked for Defendants as an installer. Plaintiff was paid at the same regular hourly rate for all hours worked. He worked between sixty and eighty-four hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate for all hours in excess of forty as required by Maryland and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the MWPCL, the FLSA, and the MWHL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant Magno Enterprises, LLC d/b/a Magnum Flooring ("Magnum Flooring") is a Maryland corporations.

5. Defendant Alessandro Magno is the owners of the Magnum Flooring.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7. Each Defendant is an "employer" within the meaning of the FLSA, the MWHL, and the MWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Alessandro Magno controlled the day to day operations of Magnum Flooring.

11. Defendant Alessandro Magno had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Alessandro Magno supervised Plaintiff directly or indirectly.

13. Defendant Alessandro Magno directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Alessandro Magno directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The Maryland Court of Appeals made clear that individual employers are liable under FLSA, the MWHL or the MWPCL if the employer met the economic reality test for "control." *Campusano v. Lusitano Const. LLC*, 208 Md. App. 29, 36-40 (2012).

16. Defendant Alessandro Magno would be considered an employer for purposes of individual liability because of their intrinsic involvement in the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## FACTS

17. Plaintiff was employed by Defendants as an installer from January 4, 2014 through October 25, 2016 (the "Employment Period").

18. Plaintiff was paid at various regular hourly rates throughout the Employment Period. From January 4, 2014 through October 3, 2015, he was paid at a daily rate of $130.00, which translates to a regular hourly rate of $10.83; from October 10, 2015 through July 30, 2016, he was paid at a daily rate of $140.00, which translates to a regular hourly rate of $11.67; for the remainder of the Employment Period, he was paid at a daily rate of $160.00, which translates to a regular hourly rate of $13.33

19. At all times, Plaintiff was a non-exempt employee.

20. Plaintiff worked hours in excess of forty hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty hours.

21. Plaintiff is owed approximately $18,381.67 in overtime wages.

22. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of Maryland and federal law.

23. By statute, Defendants are required to maintain records of the name of each employee, the rate of pay of each employee, the amount paid to each employee per pay period and the hours each employee worked each day and workweek. *See* Md. Code, *Labor and Empl*, §3-424; 29 U.S.C. §211(c).

24. Should the employers fail to comply with their duty to record hours worked and wages paid, the court will find that no bona fide dispute existed regarding wages the employee was owed for work performed. *Marroquin v. Canales*, 505 F. Supp.2d 283 (D. MD. 2007).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

25. The precise number of hours worked, and wages owed, should be revealed through discovery.

26. Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

## COUNT I
### (Violation of the Maryland Wage Payment and Collection Law)

27. Plaintiff adopts herein by reference paragraphs 1 through 26 above as if fully set forth herein.

28. The amounts owed to Plaintiff by Defendants for unpaid overtime wages constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

29. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

30. Throughout the Employment Period, Defendants failed to properly pay Plaintiff's overtime as required by the MWHL.

31. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

32. Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but no less than $55,145.01 which equals three times the unpaid overtime wages; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT II
### (FLSA)

33. Plaintiff adopts herein by reference paragraphs 1 through 26 above as if fully set forth herein.

34. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

35. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

36. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

37. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $36,763.34 which equals double the unpaid overtime wages, to grant Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the Maryland Wage and Hour Law)

38. Plaintiff adopts herein by reference paragraphs 1 through 26 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

39. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415.

40. Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime as required by the MWHL.

41. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

42. Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $36,763.34, which equals two times the wages owed, and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:     /s/ *Mary Craine Lombardo*
Mary Craine Lombaro (17140)
mlombardo@steinsperling.com

    /s/ *Eduardo S. Garcia*
Eduardo S. Garcia (07200)
egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
301-340-2020
301-354-8126 (facsimile)

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020