IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ESDRAS NEHEM PACHECO
HENRIQUEZ,

   *Plaintiff*,

   v.

MAGNO ENTERPRISES, LLC, d/b/a
MAGNUM FLOORING, et al.

   *Defendants*.

Civil Action No. ELH-17-1417

## MEMORANDUM

On January 22, 2018, plaintiff Esdras Nehem Pacheco Henriquez filed suit against his former employers, Magno Enterprises, LLC, d/b/a Magnum Flooring ("MF") and Alessandro Magno. ECF 1. Pacheco Heriquez asserts wage claims under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*; the Maryland Wage And Hour Law ("MWHL"), Md. Code (2016 Repl. Vol., 2017 Supp.), §§ 3-401 *et seq.* of the Labor and Employment Article ("L.E."); and the Maryland Wage Payment and Collection Law ("MWPCL"), L.E. §§ 3-501 *et seq*. *See* ECF 1. In particular, plaintiff seeks compensation for hours he worked as a flooring installer. *Id.* ¶ 17.

The docket reflects that defendants were served on June 1, 2017, by personal service on Alessandro Magno. *See* ECF 4; ECF 5. Mr. Magno, who is self-represented, answered the suit on December 1, 2017. ECF 17. However, because parties other than individuals must be represented by counsel to appear in this Court, Mr. Magno could not answer on behalf of MF. *See* Local Rule 101.1. Therefore, pursuant to a request by plaintiff (ECF 13), the Clerk entered an Order of Default as to MF on October 25, 2017. ECF 14.

On December 22, 2017, plaintiff filed a Rule 55(b)(2) Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs. ECF 19 ("Motion"). The Motion is accompanied by the Declaration of Esdras Nehem Pacheco Henriquez (ECF 19-1, "Plaintiff's Declaration"), as well as several exhibits in support of plaintiff's claims for unpaid wages (ECF 19-2 and ECF 19-3). And, the Motion contains an exhibit in support of plaintiff's requested attorneys' fees. ECF 19-4.

The Motion requests that judgment be entered against MF in the amount of $55,145.01, plus prejudgment interest; that plaintiff be awarded attorneys' fees in the amount of $3,810.00; and that plaintiff be awarded costs in the amount of $465.00. ECF 19 at 11. MF has not responded to the Motion, and the time to do so has expired. *See* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. Because I find that the Motion is premature, I shall deny the Motion, without prejudice.

## I. Legal Standard

Rule 55(b) of the Federal Rules of Civil procedure governs default judgments. In particular, Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."[1] But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise the complaint must be supported by affidavit or documentary evidence. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J.).[2]

---

[1] If the sum is not certain or ascertainable through computation, the court looks to Rule 55(b)(2).

[2] Judge Grimm now serves as a United States District Judge. But, he authored *Monge* when he was a United States Magistrate Judge.

To be sure, the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see Tazco, Inc. v. Director, Office of Workers' Compensation Program,* 895 F. 2d 949, 950 (4th Cir. 1990). But, that policy is not absolute. Default judgment "'is appropriate when the "adversary process has been halted because of an essentially unresponsive party."'" *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

Upon the entry of default against a party, the court must determine whether the undisputed factual allegations constitute a legitimate cause of action. *Id.* at 780-81; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. 2010 Supp.) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. Allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit. Fed R. Civ. P. 8(b)(6); *see Ryan*, 253 F.3d at 780 ("'[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover'") (citation omitted); *Monge*, 751 Supp. 2d at 794; *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009

WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").

Rather, the court must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment because plaintiff submitted affidavits and records establishing the amount of damages).

Notably, under Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is meant to enable the defendant to decide whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

## II. Factual Allegations

The Complaint alleges that plaintiff worked for MF, which was controlled by Magno, between January 4, 2014, and October 25, 2016. ECF 1, ¶¶ 10, 17. Plaintiff asserts that from January 4, 2014, through October 3, 2015, he was paid a daily rate of $130.00; and that from October 10, 2015, through July 30, 2016, he was paid at a daily rate of $140.00. *Id.* ¶ 18. For the remainder of his employment, he was paid at a daily rate of $160.00. *Id.* Further, plaintiff maintains that he worked in excess of 40 hours per week, but was never paid at an overtime rate for those hours. *Id.* ¶ 20. In the Introduction to the Complaint, plaintiff asserts that he worked "between sixty and eighty-four hours per week." ECF 1 at 2.

Accordingly, plaintiff claims that defendants violated the provisions of the FLSA and MWHL by failing to pay him overtime. ECF 1 at 6-7; *see* 29 U.S.C. § 206; L.E. § 3-413. And, plaintiff maintains that defendants also violated the MWPCL by failing to pay him all wages owed. ECF 1, ¶¶ 30-32.

## III. Default Judgment as to Only One Party

Plaintiff seeks default judgment against MF, one of two defendants. ECF 19. Final judgment can be entered as to one of multiple defendants if the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). But, an order or decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

Plaintiff's Motion does not address the implications of granting a default judgment as to only one party. This omission is of concern, in light of the principles articulated in *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872).

In *Frow*, the plaintiff alleged that multiple defendants, including Frow, conspired to defraud him of land. 82 U.S. (15 Wall.) at 553. Frow failed to answer the complaint and the lower court entered a final decree against him. *Id.* Meanwhile, the other defendants answered the complaint and prevailed on the merits. *Id.* When the case reached the United States Supreme Court, Justice Bradley described this inconsistent result as "unseemly and absurd." *Id.* at 554. The Court said that, ordinarily, in order to avoid the risk of inconsistent judgments in a multi-defendant case, the proper course "is simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." *Id.*; *see also* 10A Wright and Miller § 2690 ("As a general rule . . . , when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."); *accord United States ex rel. Hudson v. Peerless Ins. Co.,* 374 F.2d 942, 944 (4th Cir. 1967); *Mullins v. River Docks, Corp.*, 791 F. Supp. 2d 511, 512 (E.D. Va. 2011); *Carter v. Rosenberg,* AMD-04-759, 2005 WL 782923, at *4 (D. Md. Apr. 7, 2005).

To be sure, subsequent case law has recognized that *Frow*'s holding is limited to situations alleging "joint and/or several" liability, or at least "'closely related'" liability. *Hudson*, 374 F.2d at 944-45 (citation omitted). To illustrate, if "the nondefaulting defendant's defense is a personal one—infancy, for example—and would not be available to the defaulting defendant," the *Frow* rule would not apply. 10A Wright and Miller § 2690; *see Whelan v. Abell,* 953 F.2d 663, 674-75 (D.C. Cir. 1992) (stating that *Frow* doctrine pertains "when liability is truly joint— that is, when the theory of recovery requires that all defendants be found liable if any one of them is liable—and when the relief sought can only be effective if judgment is granted against all"); *Int'l Controls Corp. v. Vesco,* 535 F.2d 742, 746-47 n.4 (2d Cir. 1976) ("[A]t most, *Frow*

controls in situations where the liability of one defendant necessarily depends upon the liability of the others."), *cert. denied,* 434 U.S. 1014 (1978). *See generally Phoenix Renovation Corp. v. Gulf Coast Software, Inc.,* 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (reviewing cases).

The Complaint alleges that both defendants—Mr. Magno and MF—are responsible for allegedly underpaying plaintiff. *See* ECF 1, ¶¶ 4-16. Indeed, in the Complaint, plaintiff requests entry of "judgment against Defendants, jointly and severally." *Id.* at 5, 6, 7.

As a result, at this stage it is inappropriate to grant a default judgment against one of two parties, so long as the other party is active in the case. *See* Fed. R. Civ. Pro. 54(b).

## IV. Conclusion

For the reasons discussed, I shall DENY the Motion, without prejudice to plaintiff's right to refile it at the appropriate time. An Order follows.

Date: August 10, 2018                                /s/
                                                    Ellen Lipton Hollander
                                                  United States District Judge