IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ESDRAS NEHEM PACHECO HENRIQUEZ   *
  *
·Plaintiff,   *
  *
vs.   *    Civil Action No.   ADC-17-1417
  *
MAGNO ENTERPRISES, LLC   *
ALESSANDRO MAGNO   *
  *
Defendants.   *
  *
* * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM OPINION**

## **Introduction**

The Plaintiff, Esdras Nehem Pacheco Henriquez filed this complaint on May 23, 2017, alleging violations of the Fair Labor Standards Act and the Maryland Wage and Hour Law arising from his employment with Alessandro Magno and Magno Enterprises, LLC. Mr. Magno owns and operates Magno Enterprises, LLC d/b/a Magno Flooring. (ECF 1). Plaintiff was an installer for Magno Flooring. *Id.* The parties were properly served (ECF 3-5). On September 28, 2017 the Plaintiff filed a motion for Clerk's entry of default as to Magno Enterprises. On October 25, 2017, the Clerk entered default as to Magno Enterprises. Defendant Magno, responded individually and filed an Answer to the complaint (ECF 17). That Answer remained unsigned. On December 22, 2017, Plaintiff filed a motion for default judgment as to Magno Enterprises who never filed an Answer (ECF 19). The Court denied the motion without prejudice as premature (ECF 34). On April 9, 2018, the Court appointed pro bono counsel for Magno Enterprises for the purposes of attending a settlement conference (ECF 32). Subsequently, pro bono counsel was permitted to withdraw her appearance (ECF 40) and Magno Enterprises was

1

ordered to obtain counsel as required under Local Rule 101.1(a). Magno Enterprises never obtained counsel until Default Judgment was granted and counsel filed a motion to vacate the order of default on November 22, 2019 (ECF 55).

The Court now has before it a Motion for Default Judgment filed by Plaintiff as to Defendant Magno (ECF 54) and a Motion to Vacate Order of Default filed by Magno Enterprises (ECF 55). For the reasons set forth below, the Court will GRANT ECF 54 and will DENY ECF 55.

## Discussion

### The Motion to Vacate Order of Default

When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic. *Colleton Preparatory Academy Inc., v. Hoover Universal, Inc.,* 616 F.3d 413, 417 (4th Cir. 2010). *See* Fed.R.Civ.P. 55(c) (providing that "[f]or good cause shown the court may set aside an entry of default"). We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. *E.g., Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor,* 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); *Consolidated Masonry & Fireproofing,* 383 F.2d at 251 ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). This imperative arises in myriad procedural contexts, but its primacy is never doubted. *Colleton Prep. Academy,* at 417.

With respect to ECF 55, it is clear from the record and the Court also incorporates the history set forth in Plaintiff's Response, ECF 56, and I find that Defendant Magno Enterprises intentionally and deliberately ignored this litigation. Plaintiff's response not only captures Magno Enterprises indifference to the docket but also details the extraordinary efforts made by Plaintiff and the Court to engage Magno Enterprises in this litigation. At its thirteenth hour after default has been entered, now Magno Enterprises asks this Court to set aside the Default Order. Magno Enterprises made no effort to engage this litigation whatsoever from May 23, 2017 to November 20, 2019.

In its motion to set aside the default, Defendant Magno Enterprises sets forth no meritorious facts to establish a defense. Instead, Magno offers several excuses but they do not reach the threshold of good cause. The Court notes that none of the reasons for the dilatory conduct were ever raised previously with the Court. The offered reasons also do not justify the pattern of conduct of ignoring orders of this Court.

Magno Enterprises never acted with reasonable promptness. In fact, Magno Enterprises never acted at all. Magno Enterprises ignored its personal responsibility in defending this claim. The prejudice to Plaintiff is obvious. Despite all of Plaintiff's efforts, Magno Enterprises turned its back on its responsibilities. A matter of two and a half years passed since the filing of the Complaint and no Answer was ever filed. The passage of time, delay and additional costs incurred by Plaintiff in litigating what would otherwise be a routine matter in federal court shows clear and obvious prejudice to the Plaintiff. To reopen this case and start all over would be a gross miscarriage of justice. Magno Enterprises' conduct in this case evidences an unwavering

history of indifference and non-compliance with its obligations to respond and non-compliance with orders from this Court. There are no less drastic sanctions that would be fair to the Plaintiff in this case. The Motion to Vacate the Order of Default, (ECF 55) is DENIED.

**Motion for Default Judgment as to Mr. Magno**

In reviewing motions for default judgment, the court accepts the plaintiff's well-pleaded allegations as to liability as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). *See*, Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *See also, Ryan,* 253 F.3d at 780 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.") (internal citation omitted)).

If the facts alleged in the complaint establish liability, then the court must determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780–81. The court may make a determination as to the amount of damages without a hearing if the record contains sufficient evidence to support the award. *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing"); *Intern. Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F.Supp.2d 680, 684 (D. Md. 2013) (finding that the court need not conduct an evidentiary hearing to determine damages and "may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum"). Consequently, in the default judgment context, "the appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson*, 187 F.3d 628 (4th Cir. Aug. 10, 1999) (unpublished table opinion).

4

Plaintiff filed the Motion for Default Judgment as to Defendant Magno on November 6, 2019 (ECF 54). Defendant Magno has not responded and the Motion is unopposed. The Court has reviewed the pleadings and finds that the pleadings support the default judgment and causes of action contained therein. *Id.* The Court also finds that the damages claimed are supported by the pleadings as well.

The Court will GRANT the Motion (ECF 54) and enter Judgment in favor of Plaintiff Esdras Nehem Pacheco Henriquez in the amount of $55,145.00 jointly and severally against Defendants Alessandro Magno and Magno Enterprises, LLC.

The Plaintiff has requested an award of attorneys' fees in the amount of $13,188.50 and costs in the amount of $465.00, jointly and severally against Defendant Alessandro Magno and Magno Enterprises, LLC. The Court has evaluated the attorneys' fees and Plaintiff has not complied with Appendix B of the Local Rules regarding the hourly rates for the level of experience of counsel at the time services were rendered as well as the reimbursement rate for paralegals. After reviewing the Motion, the Court reduces the rates as follows (1) Jonathan Lieberman reduced to $425.00 per hour (2) Mary Lombardo reduced to $350.00 per hour (3) Eduardo Garcia reduced to $250.00 per hour (4) paralegal rate reduced to $150.00 per hour. I do not find any justification for an award above the amounts set forth above.

THEREFORE, and in consultation with Appendix B of the Local Rules, the Court awards attorneys' fees in the amount of $10,117.50 and costs in the amount of $465.00 jointly and severally against Alessandro Magno and Magno Enterprises, LLC.

A separate Order will follow.

Date: 23 January 2020

A. David Copperthite
United States Magistrate Judge

5